Alfred G. Rava, SBN 188318
RAVA LAW FIRM
3667 Voltaire Street
San Diego, CA 92106
Phone: 619-238-1993
Email: alrava@ravalaw.com

Attorney for Plaintiffs Bert Riddick and Luciano Alexandre and the Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT RIDDICK and LUCIANO ALEXANDRE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>      Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>1. **Violation of California Civil Code § 51 - Unruh Civil Rights Act;**<br>2. **Violation of California Civil Code § 51.5; and**<br>3. **Violation of California Civil Code § 51.6 – Gender Tax Repeal Act of 1995** |

Plaintiffs Bert Riddick and Luciano Alexandre allege the following:

### INTRODUCTION

1. Nearly 40 years ago the California Supreme Court, in *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, unanimously held that sex-based pricing, practices, promotions, or policies by businesses operating in California and concerning consumers violate the Unruh Civil Rights Act (codified as Civil Code Section 51). *Koire* held, "The scope of the statute clearly is not limited to exclusionary practices. The Legislature's choice of terms evidences concern not only with access to business establishments, but with equal

1

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    treatment of patrons in all aspects of the business." *Koire* at 29. "Public policy in
2    California strongly supports eradication of discrimination based on sex. The Unruh Act
3    expressly prohibits sex discrimination by business enterprises." *Id*. at 37.

4        2. *Koire* was further approved by the California Supreme Court in another case
5    involving businesses treating consumers unequally based on their sex, specifically
6    charging consumers different prices for the same thing based solely on their sex,
7    *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160. In *Angelucci*, the Court held
8    – again, unanimously – that men who were charged a higher price than women to be
9    admitted into a business establishment did not have to first confront the discriminating
10   business and affirmatively assert their right to equal treatment in order to have standing
11   to sue for violations of Civil Code sections 51 and 51.5.

12       3. In the present case, Defendant National Rifle Association of America ("NRA")
13   has created and has been continuing to employ sex-based pricing for annual, multi-year,
14   or lifetime NRA memberships. The NRA's sex-based membership pricing provides
15   only women deeply discounted memberships, while denying the same discounts to men.
16   Beginning in at least September of 2024, and upon information and belief even earlier,
17   the NRA has been offering and providing exclusively to females one-year memberships
18   to the NRA for $35 (regularly $45), three-year memberships to the NRA $85 (regularly
19   $100), five-year memberships to the NRA for $125 (regularly $150), and life
20   memberships to the NRA for $1,000 (regularly $1,500).

21       4. On the other hand, over the above same period of time, the NRA has been offering
22   and providing males and nonbinary persons one-year memberships to the NRA for $45,
23   three-year memberships to the NRA for $100, five-year memberships to the NRA for
24   $150, and life memberships to the NRA for $1,500. Throughout this same period of
25   time, the NRA denied male and nonbinary persons, including Plaintiffs Bert Riddick
26   and Luciano Alexandre, the above women-only significantly discounted one-year,
27   three-year, five-year, and life memberships based solely on the males and nonbinary
28   persons' sex – up to a $500 discount for life memberships to only females.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5. In addition to the above women-only deeply discounted memberships, the NRA also provides new female members with an "NRA sherpa fleece blanket," which the NRA denies new male and nonbinary members, with the disparity against based solely on the new members' sex.

6. The NRA has not offered or provided men-only or nonbinary-only discounted memberships for any length of time to male Plaintiffs, other men, or nonbinary persons such as the NRA has offered to only females. In addition to the above women-only deeply discounted memberships, the NRA further intentionally treats male and nonbinary consumers unequally and intentionally discriminates against these two disfavored sexes by providing only new female members with an "NRA sherpa fleece blanket," which the NRA denies new male and nonbinary members, with the disparity against based solely on the new members' sex.

7. This class action Complaint is filed on behalf of (1) all male and nonbinary persons who purchased one-year, three-year, five-year, or life memberships to the NRA and were denied the above women-only discounts for one-year, three-year, five-year, or life memberships to the NRA, and denied an NRA sherpa fleece blanket solely on the male and nonbinary persons' sex, and (2) all male and nonbinary persons who have had a bona fide intent to purchase a one-year, three-year, five-year, or life memberships to the NRA, but did not because they encountered NRA's terms or conditions that excluded them from the above women-only discounts for one-year, three-year, five-year, or life memberships to the NRA solely based on the male and nonbinary persons' sex.

8. Regarding nonbinary persons, the State of California, specifically at least the California Department of Motor Vehicles, recognizes three genders: (1) male, (2) female, and (3) nonbinary. See, e.g., https://www.dmv.ca.gov/portal/driver-licenses-identification-cards/updating-information-on-your-driver-license-or-identification-dl-id-card/#acc-changing-your-gender-identity).

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PARTIES**

9. At all times relevant hereto, Plaintiff Bert Riddick has been an African American male over 21-years-old and a California citizen and resident. On September 25, 2024, while Mr. Riddick was in Los Angeles County, California and visiting an NRA website, the NRA presented and offered Mr. Riddick a one-year NRA membership for $45, an offer Mr. Riddick accepted and for which Mr. Riddick paid $45 to the NRA, thus becoming an NRA member for one year. During this same visit to an NRA website, the NRA did not offer Mr. Riddick any discounted membership exclusively for men or nonbinary persons such as the NRA was exclusively offering to females at that time. Nor did the NRA offer or provide Mr. Riddick an NRA sherpa fleece blanket for joining the NRA like the NRA offered or provided to only new female members

10. At all times relevant hereto, Plaintiff Luciano Alexandre has been a Hispanic male over 21-years-old and a California citizen and resident. On September 13, 2024, while Mr. Alexandre was in San Diego County, California and visiting an NRA website, the NRA presented and offered Mr. Alexandre a one-year NRA membership for $45, an offer Mr. Alexandre accepted and for which Mr. Alexandre paid $45 to the NRA, thus becoming an NRA member for one year. During this same visit to an NRA website, the NRA did not offer Mr. Alexandre any discounted membership exclusively for men or nonbinary persons such as the NRA was exclusively offering to females at that time. Nor did the NRA offer or provide Mr. Alexandre an NRA sherpa fleece blanket for joining the NRA like the NRA offered or provided to only new female members.

11. On information and belief, at all times relevant hereto, Defendant National Rifle Association of America ("NRA") has been a business establishment, a New York corporation registered with the California Secretary of State, with its headquarters in Virginia, doing business throughout California including in the counties of Los Angeles and San Diego, and with so-called "NRA state association" entitled "California Rifle & Pistol Association, Inc." located in the city of Fullerton in Orange County, California. The NRA sells a wide variety of products in California and to Californians, at least on

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the NRA's store at nrastore.com, including men and women's clothing, footwear, headwear, holsters, hearing protection, purses, wallets, targets, hot sauces, and blankets – almost all emblazoned with the NRA trademark. On the NRA's website https://nraday.nra.org/web/AttendEvent.aspx, one could or can find an NRA advertised, associated, and/or sponsored so-called "NRA DAY EVENT" in California, including in Lancaster, Alpine, Fresno, and Leona Valley, California.

12. The true names and capacities of Does 1 through 20 are unknown to Plaintiffs. When their true names and capacities are learned, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and on that basis allege, each fictitiously named defendant is responsible in some way for and at least aided the occurrences herein alleged, and those defendants proximately caused Plaintiffs' damages. Each reference in this complaint to "National Rifle Association of America," "NRA," "Defendants," "Defendant," or any specifically named defendant refers to all defendants sued under fictitious names.

13. Unless otherwise alleged, whenever reference is made in the complaint to any act of "defendant," "defendants," or to a specifically named defendant, such allegation shall mean that each defendant acted individually and jointly with the other defendant named in the complaint.

14. Unless otherwise alleged, whenever reference is made to any act or omission of any corporate or business defendant, such allegation shall mean that such corporation or other business defendant committed or omitted to act as in this complaint through its officers, members, directors, stockholders, employees, agents, and/or representatives while they were acting within the actual or apparent scope of their authority.

15. At all relevant times alleged herein, each defendant has been each the agent, alter-ego, representative, partner, joint venturer, employee, or assistant of the other defendants and has acted within the course and scope of said agency, alter-ego, representation, partnership, or joint venture with the knowledge, notification, authorization, and consent of each of the other defendants.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**NATURE AND BASIS OF CLAIMS**

16. This lawsuit is about the NRA providing only women with substantially discounted NRA memberships for various terms – up to a $500 discount for a life membership – while denying men and nonbinary persons, including the two male Plaintiffs, the same discounts based solely on the person's sex. And, as partly set forth above California's Supreme Court has repeatedly and long ruled that sex-discrimination, and specifically sex discrimination against men via sex-based pricing promotions or practices favoring women over men, violate California's anti-discrimination statutes, including California Civil Code sections 51 (the codification of California's Unruh Civil Rights Act), 51.5, and 51.6 (codification of the Gender Tax Repeal Act of 1995). See *Koire v. Metro Car Wash*, 40 Cal.3d 24 (1985) (holding that Ladies' Day and Ladies' Night promotions that treated patrons unequally based on sex by charging male patrons more than female patrons for the same thing—as little as fifteen cents more—violated the Unruh Act); and *Angelucci v. Century Supper Club*, 41 Cal.4ᵗʰ 160 (2007) (holding that men who were denied a lower or free cover charge to enter a supper club did not have to first confront the business and affirmatively assert their right to equal treatment and be refused in order to have standing for a Civil Code section 51, 51.5, or 51.6 claim).

17. Despite California anti-discrimination statutes and California Supreme Court precedents that, in part, evidence or embody California's strong public policy to eradicated sex discrimination, along with the common sense principle that a business operating in the progressive state of California should not charge men more than women, women more than men, or nonbinary persons more than men or women, and vice versa for the same thing, the NRA has been charging men and nonbinary persons more than women for NRA based solely on the person's sex.

18. On September 25, 2024, Plaintiff Bert Riddick, while in Los Angeles County, California, visited an NRA website where the NRA presented and offered Mr. Riddick a one-year NRA membership for $45, which Mr. Riddick accepted and for which Mr.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Riddick paid $45, thus becoming an NRA member for one year beginning on September 25, 2024. During Mr. Riddick's same visit to an NRA website, the NRA did not offer Mr. Riddick any discounted membership exclusively for men or nonbinary persons such as the NRA was exclusively offering to females at that time. Nor did the NRA offer or provide Mr. Riddick an NRA sherpa fleece blanket for joining the NRA like the NRA offered or provided to only new female members

19. On September 13, 2024, Plaintiff Luciano Alexandre, while in San Diego County, California, visited an NRA website where the NRA presented and offered Mr. Alexandre a one-year NRA membership for $45, which Mr. Alexandre accepted and for which Mr. Alexandre paid $45, thus becoming an NRA member for one year beginning on September 13, 2024. During Mr. Alexandre's same visit to an NRA website, the NRA did not offer Mr. Alexandre any discounted membership exclusively for men or nonbinary persons such as the NRA was exclusively offering to females at that time. Nor did the NRA offer or provide Mr. Alexandre an NRA sherpa fleece blanket for joining the NRA like the NRA offered or provided to only new female members.

20. The NRA's sex-based pricing was arbitrary, invidious, unlawful, and unreasonable, and intentionally denied male and nonbinary persons equal accommodations, advantages, facilities, privileges, or services, and intentionally discriminated against them, based solely on their sex, which is prohibited by California Civil Code sections 51, 51.5,  and 51.6.

21. Despite the many State of California anti-discrimination statutes, two unanimous California Supreme Court opinions, and the many rules, publications, and actions by the California Civil Rights Department and California Department of Alcoholic Beverage Control that prohibit businesses operating in California from treating members of the general public unequally based on the their sex, and specifically prohibit businesses' sex-based pricing promotions and practices, The NRA has had the temerity to create and continually employ sex-based pricing for its various membership terms,

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  which required men and nonbinary persons, including the two Plaintiffs, pay more for

2  NRA memberships than women were required to pay for their NRA memberships.

3      22. In addition to the above two California Supreme Court Ladies' Day or Ladies'

4  Night cases, *Koire* and *Angelucci*, which ruled against sex-based pricing, there is a

5  significant body of easily-obtained, publicly-available information putting business

6  establishments on notice that such discriminatory conduct is illegal. The California

7  Civil Rights Department (formerly the Department of Fair Employment and Housing),

8  the State agency charged with preventing unlawful discrimination against consumers

9  by businesses operating in California, has published several fact sheets specifically

10  warning businesses about the unlawfulness of treating customers unequally based on

11  their sex, such and promotions, practices, or  events that ostensibly favor women over

12  men and nonbinary persons, or charge men, nonbinary persons, and women different

13  prices for comparable services, such as clothing alterations, haircuts, dry cleaning, or

14  drinks　　at　　a　　restaurant　　or　　bar.　　See,　　https://calcivilrights.ca.gov/wp-

15  content/uploads/sites/32/2020/03/DFEH_UnruhPamphlet.pdf (last visited October 7,

16  2024).

17      23. Furthermore, the Civil Rights Department's Unruh Civil Rights Act "FAQ"

18  reads (1) "Can businesses charge men and women different prices for the same services?

19  No. The Unruh Civil Rights Act prohibits gender discrimination by businesses in their

20  pricing practices. For example, a dry-cleaner business cannot charge more to clean a

21  woman's blouse than a man's shirt when the two items are similar in detail; or a hair

22  stylist cannot charge more to trim a woman's hair than a man's when the hair is similar

23  in length; and (2) "Can a business have a 'ladies night' promotion where only women

24  get a discount or free service?  No. The Unruh Civil Rights Act prohibits offering

25  promotions　　or　　discounts　　based　　on　　sex　　or　　gender."

26  https://calcivilrights.ca.gov/unruh/#faq (last visited October 7, 2024).

27      24. The *Advisory Notice To Defendant* required by Civil Code section 55.62 is

28  attached hereto as Exhibit 1.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25. Any business operating in the progressive state of California in the 21st century should know that California embraces equality and condemns sex discrimination and preferences of one sex over others. To treat consumers unequally based on their sex such as the NRA has been doing with its sex-based membership pricing is as repugnant and unlawful as businesses engaging in the same type of discrimination against women, or against people based on their race, religion, or sexual orientation. Imagine the outrage and sex discrimination lawsuits if the NRA charged women up to $500 more for a membership than the NRA charged men. Or what if the NRA did it based on race? Fortunately, in California at least, equal rights are for everyone, and California rightfully forbids and has specifically outlawed the sex-based pricing discrimination at the center of this case. Simply put, it is against many California anti-discrimination statutes for business to treat consumers unequally based on their sex or other legally protected personal characteristics, which should surprise no one.

26. The Judicial Council of California's jury instructions for violations of Civil Code sections 51 51.5, and 51.6, i.e., CACI 3060, 3061, and 3062, respectively, reflect the Judicial Council's recognition of the California Supreme Court's ruling in *Koire* that sex-based discrimination is "per se injurious." The Directions For Use for CACI 3060, 3061, or 3062 recognize that plaintiffs praying for only the statutory damages provided by Civil Code section 52 for violations of section 51, 51.5, or 51.6, such as Plaintiffs pray for here, do not have to prove they were harmed or that the defendants' conduct was a substantial factor in causing the harm, because harm is presumed. Nevertheless, Plaintiffs and other similarly situated male and nonbinary consumers have indeed been harmed and damaged in this case by being denied equal accommodations, advantages, facilities, privileges, or services, and being discriminated against, based solely on their sex by the NRA's sex-based membership pricing.

27. By this action, Plaintiffs seek redress for the NRA's arbitrary, invidious, unlawful, and unreasonable sex-based pricing promotion that intentionally denied all patrons – male, female, and nonbinary – equal accommodations, advantages, facilities,

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  privileges, or services, and discriminated against them based solely on the patrons' sex,

2  which is prohibited by Civil Code sections 51, 51.5, and 51.6.

3  **JURISDICTION AND VENUE**

4  28. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiffs are citizens of

5  the State of California, and Defendant NRA is a citizen of Virginia where it is

6  headquartered and/or of New York where it is incorporated, and upon information and

7  belief, the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

8  Therefore, both diversity jurisdiction and the damages threshold under the Class Action

9  Fairness Act of 2005 ("CAFA") are present, giving this Court jurisdiction. This Court

10 has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §

11 1332(a) & (d). This is a putative class action where, upon information and belief: (i) the

12 proposed class consists of more than 100 members; (ii) at least one class member has a

13 different citizenship from Defendants; and (iii) the claims of the proposed class exceed

14 $5,000,000 in the aggregate. Furthermore, the Court has supplemental jurisdiction over

15 the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

16 29. The Court has personal jurisdiction over the NRA due the NRA's its continuous

17 and systemic contacts with the State of California, including, but not limited to, the

18 NRA being registered as a corporation with the California Secretary of State, the NRA

19 doing substantial business in and across California, including, but not limited to, the

20 NRA website listing an "NRA state association" entitled "California Rifle & Pistol

21 Association, Inc." located in the city of Fullerton in Orange County, California, and the

22 NRA website touting, advertising, and/or sponsoring at least in part so-called "NRA

23 DAY EVENT[s]" in California, including in Lancaster, Alpine, Fresno, and Leona

24 Valley, California. Therefore, the NRA has sufficient minimum contacts in California

25 to render the exercise of personal jurisdiction over it by California courts consistent

26 with traditional notions of fair play and substantial justice.

27 30. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a

28 substantial part of the acts, events, or omissions giving rise to Plaintiffs' sex

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

discrimination claims occurred in this district and defendant has conducted substantial business in this district.

## CLASS ALLEGATIONS

31. Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated, defined as follows:

> All male and nonbinary persons who, while in California, either (1) purchased a one-year, three-year, five-year, or life membership to the NRA and were denied any of the membership discounts the NRA provided to only females for one-year, three-year, five-year, or life memberships to the NRA based solely on the persons' sex, or (2) had a bona fide intent to purchase a one-year, three-year, five-year, or life membership to the NRA, but did not because they encountered NRA's terms or conditions that excluded them from the NRA's women-only discounts for one-year, three-year, five-year, or life memberships to the NRA based solely on the persons' sex, with the sex discrimination against either of these two groups occurring at any time during the period beginning on October 8, 2021 and continuing through the date of trial (the "Class")

32. This class excludes counsel representing the class, governmental entities, Defendants, any entity in which Defendants have a controlling interest, any Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, any judicial officer presiding over this matter, the members of their immediate families and judicial staff, and any individual whose interests are antagonistic to other putative class members.

33. Plaintiffs reserve the right to amend or modify the class descriptions with greater particularity or further division into subclasses or limitation to particular issues.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  34. This action has been brought and may properly be maintained as a class action

2  under Federal Rule of Civil Procedure 23 because it is a well-defined community of

3  interest in the litigation and the class is readily and easily ascertainable.

4  35. The potential members of the class are so numerous that joinder of all members

5  of the class is impractical. Although the precise number of putative class members has

6  not been determined at this time, Plaintiffs are informed and believe that the proposed

7  classes include hundreds or thousands of members.

8  36. There are common questions of law and fact that predominate over any questions

9  affecting only individual putative class members.

10  37. Plaintiffs' claims are typical of the claims of the members of the putative class

11  because the NRA treated Plaintiffs unequally and discriminated against them based on

12  their sex via or by the NRA's sex-based membership pricing, which Plaintiffs were

13  victims of by being denied the NRA's women-only membership discounts based on the

14  Plaintiffs' sex during the applicable class period. Plaintiffs and each class member

15  sustained similar injuries arising out of the NRA's conduct in violation of law. The

16  injuries of each member of the class were caused directly by the NRA's wrongful

17  conduct. In addition, the factual underpinning of the NRA's misconduct is common to

18  all members of the putative class and represents a common thread of misconduct

19  resulting in injury to all members of the class. Plaintiffs' claims arise from the same

20  practices and course of conduct that give rise to the claims of putative class members

21  and are based on the same legal theory: sex-based price discrimination.

22  38. A class action is superior to other available means for the fair and efficient

23  adjudication of this controversy. Individual joinder of putative class members is not

24  practicable and questions of law and fact common to the class members predominate

25  over any questions affecting only individual putative class members. Each member of

26  the putative class has been damaged and is entitled to recovery by reason of the NRA's

27  illegal acts.

28

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39. Class action treatment will allow those similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40. Plaintiffs are unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action.

41. The disposition of all claims of the members of the class in a class action, rather than individual actions, benefits the parties and the Court. The interests of the class members in controlling prosecution of separate claims against the Defendants is small when compared to the efficiency of a class action.

42. Plaintiffs will fairly and adequately represent and protect the interests of the classes. Counsel for Plaintiffs and the putative class members is experienced and competent in litigating individual and class actions for violations of California Civil Code sections 51, 51.5, and 51.6.

43. Plus, despite the many California statutes, California Supreme Court opinions, and State of California administrative agency publications, opinions, and actions that have warned, prosecuted, and prohibited businesses operating in California from requiring consumers to pay different prices for the same thing based on the consumers' sex, many of the NRA's members likely do not know that sex-based pricing promotions or practices such as the NRA's sex-based membership pricing has violated the above-referenced anti-discrimination statutes and are subject to the remedies provided by Civil Code section 52. A class action will right the wrongs inflicted on those many persons who were treated unequally and discriminated by the NRA because of their sex and who likely do not even know they have valid sex discrimination claims against the NRA.

44. The NRA, by creating and employing its sex-based prices for NRA memberships, has acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole, and making appropriate class certification.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**FIRST CAUSE OF ACTION**

**Violation of California Civil Code Section 51 (Unruh Civil Rights Act)**

45. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

46. The NRA, by requiring Plaintiffs, other males, and nonbinary persons to pay higher prices for their NRA memberships than the NRA required women to pay for their NRA memberships - solely based on the person's sex, intentionally denied equal accommodations, advantages, facilities, privileges, or services to Plaintiffs and members of the Class, which is prohibited by the Unruh Civil Rights Act, codified as Civil Code section 51.

47. A substantial motivating reason for the NRA's conduct was the sex of Plaintiffs and the members of the Class.

48. The NRA's conduct harmed and damaged Plaintiffs and members of the Class.

49. The NRA's conduct was a substantial factor in causing harm to Plaintiffs and members of the Class.

50. The NRA's unequal treatment of the Plaintiffs and members of the Class subjects the NRA to injunctive relief.

**SECOND CAUSE OF ACTION**

**Violation of California Civil Code Section 51.5**

51. Plaintiffs incorporate in this cause of action the allegations contained in each and every preceding paragraph of this Complaint as if they were set out at length herein.

52. The NRA, by requiring Plaintiffs, other males, and nonbinary persons to pay higher prices for their NRA memberships than the NRA required women to pay for their NRA memberships - solely based on the person's sex, intentionally discriminated against Plaintiffs and the members of the class based on their sex, which is prohibited by Civil Code section 51.5.

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   53. A substantial motivating reason for the NRA's conduct was the sex of the

2   Plaintiffs and the members of the Class.

3   54. The NRA's conduct harmed and damaged Plaintiffs and the Class.

4   55. The NRA's conduct was a substantial factor in causing harm to Plaintiffs and the

5   Class.

6   56. The NRA's unequal treatment of the Plaintiffs and the Class subjects the NRA

7   to injunctive relief.

8

9   **THIRD CAUSE OF ACTION**

10  **Violation of California Civil Code Section 51.6 (Gender Tax Repeal Act of 1995)**

11  57. Plaintiffs incorporate in this cause of action the allegations contained in each and

12  every preceding paragraph of this Complaint as if they were set out at length herein.

13  58. The NRA, by requiring Plaintiffs, other males, and nonbinary persons to pay

14  higher prices for their NRA memberships than the NRA required women to pay for their

15  NRA memberships - solely based on the person's sex, intentionally engaged in sex-

16  based price discrimination as codified as Civil Code section 51.6.

17  59. The NRA's conduct harmed and damaged Plaintiffs and the Class.

18  60. The NRA's conduct was a substantial factor in causing harm to Plaintiffs and the

19  Class.

20  61. The NRA's unequal treatment of the Plaintiffs and the Class subjects the NRA

21  to injunctive relief.

22

23  **PRAYER FOR RELIEF**

24  WHEREFORE, Plaintiffs and the Class pray judgment against each and every

25  Defendant as follows:

26  1. Certification of the case as a class action on behalf of the proposed Class;

27  2. Designation of Plaintiffs as representatives of the proposed Class;

28  3. Designation of Plaintiffs' counsel of record as Class Counsel;

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4. Public injunctive relief in the form of a preliminary and permanent injunction against the NRA and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

5. For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by each Defendant against Plaintiffs and the Class for violating California Civil Code §§ 51, 51.5, and 51.6;

6. Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law, including as provided by California Civil Code § 52 and California Code of Civil Procedure § 1021.5; and

7. For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

Dated: October 7, 2024                    Respectfully submitted,

                                          /s/ *Alfred G. Rava*
                                          Alfred G. Rava

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT 1

## ADVISORY NOTICE TO DEFENDANT

GDC-001

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUSINESSES

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. Persons with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov*.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that you have discriminated, with respect to the price charged for services of similar or like kind, against a person because of that person's gender.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** State law requires that businesses charge the same price for the same services, or services of the same or similar kind, regardless of the customer's gender. In addition, state law requires that certain business establishments clearly and conspicuously disclose to their customers in writing the pricing for each standard service provided. The posting requirement applies to the following businesses:

(1) Tailors or businesses providing aftermarket clothing alterations.

(2) Barbers or hair salons.

(3) Dry cleaners and laundries providing services to individuals.

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING.

You have the right to seek assistance or advice about this demand letter or complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW**

WHEN YOU CAN AND CANNOT CHARGE DIFFERENT PRICES: The Gender Tax Repeal Act of 1995 (California Civil Code Section 51.6) prohibits a business from charging a different price for the same service because of the gender of the person receiving the service. However, you may charge different prices based specifically upon the amount of time, difficulty, or cost of providing the services.

Form Adopted for Mandatory Use
Judicial Council of California
GDC-001 [New January 2019]

**ADVISORY NOTICE TO DEFENDANT**

Civil Code, § 55.52
www.courts.ca.gov

## ADVISORY NOTICE TO DEFENDANT

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUSINESSES

POSTING PRICES: The Gender Tax Repeal Act of 1995 also requires that certain businesses clearly disclose to the customer in writing the price of each standard service provided. This pricing disclosure is required for the following businesses: tailors or businesses providing aftermarket clothing alterations; barbers or hair salons; and dry cleaners and laundries providing service to individuals. The price list must be posted in a place where customers will likely see it, and it must be in no less than 14-point boldface font. A business must also provide a written copy of the prices to the customer if one is requested by the customer. Finally, a business must clearly and conspicuously display a sign, in no less than 24-point font, that reads:

"CALIFORNIA LAW PROHIBITS ANY BUSINESS ESTABLISHMENT FROM DISCRIMINATING, WITH RESPECT TO THE PRICE CHARGED FOR SERVICES OF SIMILAR OR LIKE KIND, AGAINST A PERSON BECAUSE OF THE PERSON'S GENDER. A COMPLETE PRICE LIST IS AVAILABLE UPON REQUEST."

RIGHT TO CORRECT A POSTING VIOLATION ONLY: If you receive a written notice claiming that you have failed to properly post any of the above information, you have 30 days to correct the violation. If you fail to correct the violation, you will be liable for a civil penalty of $1,000. (Note that the 30-day period to correct applies only to posting violations, not to discriminatory pricing violations.)